IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FAIRADE´DORSEY,                    §
(Reg. No. 42418-177)               §
VS.                                §    CIVIL ACTION NO.4:11-CV-043-Y
                                   §
                                   §
BRONSON OWEN, et al.               §

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and,
ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and
plaintiff Fairade´ Dorsey's case under the screening provisions of
28 U.S.C. §§ 1915A and 1915(e)(2)(B). Dorsey has named several
defendants and seeks monetary damages for alleged violation of
constitutional rights under 42 U.S.C. § 1983. (Compl. at 1-13.) A
complaint filed in forma pauperis that lacks an arguable basis in
law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C.
§ 1915(e)(2)(B), a district court retains broad discretion in
determining at any time whether an in-forma-pauperis claim should
be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted
28 U.S.C. § 1915A, which requires the Court to review a complaint
from a prisoner seeking relief from a governmental entity or
governmental officer or employee as soon as possible after

_____

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e)
*requires* dismissal not only when an allegation of poverty is untrue or the action
is frivolous or malicious, but also when "the action . . . fails to state a
claim on which relief may be granted; or seeks monetary relief against a
defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and
(B)(West 2006).

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d
383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir.
1990)(discussing authority to dismiss at any time under prior § 1915(d)).

docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that the bulk of Dorsey's claims must be dismissed.

In the complaint, Fairade´ Dorsey lists as additional plaintiffs Agnes Brown, and Brown's minor children, Charity Brown, Frederick Brown, and Kerriana Brown. (Compl. at 1, 3.) Dorsey alleges that while he was staying in the home of Agnes Brown and her children, they were, on three separate occasions, subject to searches of the home pursuant to separate warrants issued on behalf of the "State of Texas, County of Tarrant." (Compl. at 4-6.) Dorsey alleges specifics about the searches of the home and the alleged injuries and threats to the minor children.(Compl. at 4-12.) But Dorsey proceeds in this action pro se. Although 28 U.S.C. § 1654 authorizes a litigant to proceed in federal court as his or her own counsel, individuals who do not hold a law license may not represent other parties even on a next friend basis.[6] Thus, Dorsey cannot

---

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]*See Martin v. City of Alexandria*, 198 Fed. Appx. 344, 346 (5th Cir. July 17, 2006)(citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause")); *see also Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978)("[I]ndividuals not licensed to practice law by the state many not use the 'next friend' device as an artifice for the unauthorized practice of law.")

bring claims on behalf of Agnes Brown or her children, and all claims brought by Dorsey on their behalf must be dismissed for lack of standing.

The only reference Dorsey makes on his own behalf is that "Mr. Dorsey's rights were also violated as he was an overnight guest at the times these searches were conducted." (Compl. at 7.) But Dorsey does not otherwise make any allegation of harm, does not state what rights he alleges were violated, and he does not specify conduct of any defendant against him. The Court recognizes that a pro-se plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers."[7] As a result, the Court will give Dorsey an opportunity to amend his complaint to incorporate a short, plain statement of his own claims against any particular defendant arising from the facts made the basis of this case by completing a civil complaint form with any attachments and returning it to the clerk of Court.

Title 42 U.S.C. § 1983 provides an opportunity to seek civil redress from one who, acting under authority of law, deprives an individual of any rights, privileges or immunities secured by the Constitution and laws. But a plaintiff in a § 1983 case must plead specific facts.[8] Vague allegations are inadequate to support a claim for violation of civil rights.[9] Dorsey is advised that he must

---

[7]*Haines v. Kerner*, 457 U.S. 519, 520-21 (1972).

[3]*See Jacques v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir. 1985).

[9]*See Young v. Biggers,* 938 F.2d 565, 569 (5th Cir. 1991); *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990).

identify as a defendant each person he makes a claim against, and must set forth any facts relating to each defendant's involvement in the alleged claims. Dorsey is advised that he must allege facts specifying the personal involvement of each defendant.[10]

An amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect.[11] Thus, Dorsey is expressly advised that once the form amended complaint is filed, the Court will look **only** to that document and any attachments in reviewing any claims on his behalf. Service of process on any potential defendant will be withheld pending review of the amended complaint and any attachments thereto.

*ORDER*

Therefore, all claims brought by plaintiff Dorsey on behalf of any other plaintiffs are DISMISSED WITH PREJUDICE to Dorsey's right to refile,[12] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

If plaintiff Dorsey desires to pursue claims on his own behalf in this cause, he shall file the attached form civil complaint with any attachments as an amended complaint pursuant to the provisions of this Order. Dorsey shall file the form amended complaint no later than 4:30 p.m. on **July 29, 2011. Failure to timely file the**

---

[10] *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[11] *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

[12] This order has no effect on Agnes Brown or her minor children, and thus, this dismissal is without prejudice to the Brown's right to file suit.

required amended form complaint could result in the dismissal of Plaintiff's remaining claims without further notice.[13]

The clerk of Court is directed to send Plaintiff a blank civil complaint form, with the case number stamped thereon.

SIGNED June 29, 2011.

_Terry R. Means_

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[13]*See* Fed. R. Civ. P. 41(b); *see also Hickerson v. Christian*, 283 Fed. Appx. 251 (June 24, 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also* Link v. Wabash R. Co., 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).